USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/21/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JACQUELINE LOPEZ,

                Plaintiff,

-against-

KILOLO KIJAKAZI,[1] *Commissioner of Social Security*,

                Defendant.

1:20-cv-07912 (MKV) (SDA)

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION**

MARY KAY VYSKOCIL, United States District Judge:

       Plaintiff Jacqueline Lopez brings this action pursuant to Section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), challenging the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB"). [ECF No. 1] ("Compl.") The Parties cross-moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), [ECF No. 13] ("Pl. Not. of Mot.]; [ECF No. 19] ("Comm'r Not. of Mot."), seeking reversal or affirmance of the denial, respectively.

       On December 14, 2021, Magistrate Judge Stewart D. Aaron issued a Report and Recommendation [ECF No. 25] (the "Report"), recommending that this Court grant the Plaintiff's motion for judgment on the pleadings, deny the Commissioner's cross-motion, and remand the action for further administrative proceedings. Thereafter, the Commissioner timely filed an objection to the report [ECF No. 28] ("Def. Obj."), and Plaintiff filed a response to the objections [ECF No. 29] ("Pl. Resp.").

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security, succeeding Commissioner Andrew Saul. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court has substituted Kilolo Kijakazi in the caption in place of Andrew Saul. *See* 42 U.S.C. § 405(g).

1

The background facts and procedural history of this case are set forth in detail in the Report. For the reasons stated, Magistrate Judge Aaron's Report and Recommendation is ADOPTED in part.

## LEGAL STANDARD

### I. STANDARD OF REVIEW FOR MAGISTRATE JUDGE REPORT AND RECOMMENDATION

When objections are made to a portion or portions of a magistrate judge's report, a district court "shall make a *de-novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Hector v. Miller*, No. 03Civ.3855(RJH)(GWG), 2004 WL 1908216, at *1 (S.D.N.Y. Aug. 25, 2004). The Court may then "accept, reject or modify the magistrate's findings and recommendations." 28 U.S.C. § 636(b)(1). However, when an objecting party does not specifically object to a portion of the report, or where he or she simply restates the arguments previously made, this Court will adopt the report absent a finding of 'clear error' on the face of the record." *Nelson v. Smith*, 618 F. Supp.1186, 1190 (S.D.N.Y. 1985).

### II. STANDARD OF REVIEW FOR DISABILITY BENEFIT DENIALS

A motion for judgment on the pleadings should be granted if it is clear from the pleadings that "the moving party is entitled to judgment as a matter of law." *Burns Int'l Sec. Servs., Inc. v. Int'l Union, United Plant Guard Workers of Am., Local 537*, 47 F.3d 14, 16 (2d Cir. 1995). A district court reviewing a denial of Social Security benefits will "set aside [an] ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." *Rosa v. Callahan,* 168 F.3d 72, 77 (2d Cir.1999) (alteration in original). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir.

2013) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (internal quotation marks and alterations omitted); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations . . . whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high").  In weighing whether substantial evidence exists to support the Commissioner's decision, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  *Selian*, 708 F.3d at 417 (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983)).  Following review, the court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding . . . for a rehearing."  42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner objects to the Report on two grounds.  First, the Commissioner argues that a subsequent decision by a different ALJ on a separate application does not constitute "new and material" evidence warranting remand, as Magistrate Judge Aaron determined here.  Second, the Commissioner contends that, contrary to the Report, the ALJ's finding that Plaintiff did not meet the elements of Listing 1.04 is supported by substantial evidence.  For the reasons that follow, the Court adopts the Report, except with respect to the portion recommending remand on the grounds of the subsequent favorable decision.

**I.        THE SUBSEQUENT FAVORABLE ALJ DECISION
            DOES NOT CONSTITUTE MATERIAL EVIDENCE**

Plaintiff was denied benefits on her initial application, but subsequently was awarded disability benefits under a second protective application for the period beginning the day after the

unfavorable ALJ decision on appeal before this Court. [ECF No.24] ("Pl. Letter") (attaching decision). The Commissioner objects to the Report's determination that Plaintiff's subsequent favorable decision constitutes "new and material" evidence that warrants remand. Def. Obj. at 3.

When reviewing the findings of an ALJ, a court can remand the case to the SSA to consider new evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Thus, the Plaintiff must demonstrate that: (1) the evidence is new; (2) the evidence is material; and (3) there is good cause for the failure to have presented the evidence. *See Lisa v. Sec'y of Dep't of Health & Human Servs of U.S.*, 940 F.2d 40, 43 (2d Cir. 1991) (quoting *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988). In this case, a second ALJ approved Plaintiff's subsequent protective application the day after the first ALJ's unfavorable decision. Manifestly, there was good cause therefore for Plaintiff's failure to present the subsequent determination during the initial administrative proceedings. *See Mikol v. Barnhart*, 554 F. Supp. 2d 498, 505 (S.D.N.Y. 2008) ("[G]ood cause does exist because the subsequent favorable decision was not issued until after the decision."). The question germane to the Commissioner's objection is whether that subsequent favorable decision is material evidence warranting remand.

In *Mikol v. Barnhart*, the district court ruled that a second ALJ decision is new and material evidence if it "sheds light on the seriousness of [the Plaintiff's] condition at the time of the first ALJ's decision." 554 F. Supp. 2d at 504. The *Mikol* court explained, "[i]t is reasonable to assume that the second decision will impact the decision of the first ALJ because it suggests the impairment was more severe than the first ALJ determined." *Id.* After *Mikol* was decided, various circuit courts cast doubt that a subsequent favorable decision—in and of itself—

4

constitutes new and material evidence warranting remand. *See e.g.*, *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 652-54 (6th Cir. 2009); *Baker v. Comm'r of Soc. Sec.*, 520 F. App'x 228, 229 n.\* (4th Cir. 2013) (per curiam); *Cunningham v. Comm'r of Soc. Sec.*, 507 F. App'x 111, 120 (3d Cir. 2012) (per curiam). The Second Circuit, likewise, agreed that "[t]he mere existence of the subsequent decision in [a claimant's] favor, standing alone, cannot be evidence that can change the outcome of his prior proceeding." *Caron v. Colvin*, 600 F. App'x 43, 44 (2d Cir. 2015) (quoting *Allen*, 561 F.3d at 653).

The Commissioner argues that Magistrate Judge Aaron erred in determining Plaintiff's subsequent favorable decision was new and material evidence warranting remand because "the Second Circuit has overwhelmingly signaled that it would not treat a subsequent decision as new evidence, by itself." Def. Obj. at 5. Plaintiff rejoins that the subsequent favorable decision can "warrant remand in certain situations." Pl. Resp. at 8. Both statements of the rule can, of course, be correct. On the record, the Court agrees with the Commissioner that the later decision from the subsequent application in this case is not new and material evidence warranting remand. The Second Circuit has held that a subsequent favorable "finding is not itself evidence of disability but, rather, a conclusion based on evidence." *Caron v. Colvin*, 600 F. App'x at 44. Remand for consideration of new evidence is appropriate "only upon a showing that there is new evidence which is material." *Id.* (quoting 42 U.S.C. § 405(g)). Evidence that is material must be "both (1) relevant to the claimant's condition during the time period for which benefits were denied and (2) probative." *Id.* (quoting *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004)). The mere fact "that two ALJs may permissibly reach different conclusions, even on the same record[,] is not probative of anything." *Id.* (citing *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 127 (2d Cir. 2012); *see also Barnaby v. Berryhill*, 773 F. App'x 642, 644 (2d Cir. 2019) ("[T]he later

5

determination, on its own, is neither evidence of Barnaby's disability nor support for the claim that the ALJ's decision in this case was unsupported by substantial evidence."). Remand on the grounds of the subsequent favorable decision is therefore inappropriate because the later decision with respect to a subsequent time period is not material evidence with respect to the earlier application. The Court therefore declines to adopt Magistrate Judge's Report and Recommendation to the extent that it recommended remand on that ground.

## II. THE ALJ'S DETERMINATION AT STEP THREE WAS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE

The Social Security Administration ("SSA") regulations mandate a five-step inquiry to determine whether a claimant is disabled under 42 U.S.C. § 423. *See* 20 C.F.R. § 404.1520(a)(4); *Dixon v. Shalala*, 54 F.3d 1019, 1022 (2d Cir. 1995). Each step is addressed in sequential order. *See* 20 C.F.R. § 404.1520(a)(4). "If [the SSA] can find that [a claimant] [is] disabled or not disabled at a step," the inquiry is concluded at that step, and subsequent steps are not considered. *Id.*

At the first step, the Commissioner must determine whether the individual is currently engaged in any substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At the second step, the Commissioner determines whether the claimant has a "severe medically determinable physical or mental impairment" and, if so, whether the impairment meets the duration requirement of Section 404.1509. 20 C.F.R. § 404.1520(a)(4)(ii). At the third step, the Commissioner determines whether the impairment meets or equals a listing in Appendix 1 of 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant proves that he or she has an impairment that meets a listing in Appendix 1, the Commissioner may find the claimant disabled at the third step. *Id.* Otherwise, the Commissioner will proceed to consider the remaining two steps. *See* 20 C.F.R. § 404.1520(d).

The Commissioner objects to the Report insofar as it held that the ALJ's determination was not based on substantial evidence at the third step. Def. Obj. 6. In step three of the analysis, the ALJ found that Plaintiff's impairments did not meet or equal Listing 1.04 (disorders of the spine). [ECF No. 12] ("R.") at 18. "The Social Security regulations list certain impairments, any of which is sufficient, at step three, to create an irrebuttable presumption of disability." *DeChirico v. Callahan*, 134 F.3d 1177, 1180 (2d Cir. 1998) (citing 20 C.F.R. §§ 404.1520(d), 416.920(d)). "The regulations also provide for a finding of such a disability *per se* if an individual has an impairment that is 'equal to' a listed impairment." *Id.* (citing 20 C.F.R. § 404.1520(d) ("If you have an impairment(s) which ... is listed in Appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience." (internal quotation marks omitted))); *see also* 20 C.F.R. § 416.920(d).

The claimant bears the burden to prove he or she meets the requirements necessary to meet or equal the Listing at step three. Nevertheless, an ALJ is required to explain why a claimant failed to meet or equal the listings "[w]here the claimant's symptoms as described by the medical evidence appear to match those described in the Listings." *Colon v. Saul*, No. 20-CV-02113 (KAM), 2021 WL 2827359, at *5 (E.D.N.Y. July 7, 2021 (quoting *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 273 (N.D.N.Y. 2009)). The ALJ bears the responsibility to "build an accurate and logical bridge from the evidence to [the ALJ's] conclusion to enable a meaningful review." *Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp. 2d 133, 142 (N.D.N.Y. 2012). Failing to do so may warrant remand. *See Cherico v. Colvin*, No. 12-cv-5734(MHD), 2014 WL 3939036, at *28 (S.D.N.Y. Aug. 7, 2014) (holding that an ALJ merely stating that he or she had considered the requirements of a listing was "patently inadequate to substitute for specific findings in view of the fact that plaintiff has at least a colorable case for application of

7

listing 1.04(A)" and that where there is record support for each of the necessary symptoms, the ALJ was required to address that evidence, and his failure to specifically do so was error that would justify a remand); *Torres v. Colvin*, No. 14-cv-479S, 2015 WL 4604000, at *4 (W.D.N.Y. July 30, 2015) (remanding because "the record evidence suggests that Plaintiff's symptoms could meet the listing requirements in 1.04(a)," but the ALJ's "only reference to it is a recitation of the standard.")

For a disorder of the spine to meet the requirements of Listing 1.04, it must result in the compromise of a nerve root or the spinal cord with evidence of "nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04 (2019).  The record contains abundant references to establish each of the required elements of Listing 1.04.  This includes evidence of compromise of a nerve root or the spinal cord with evidence of nerve root compression (*see, e.g.,* R. 256, 263, 272, 276, 321, 332, 344-345, and 347)[2], neuro-anatomic distribution of pain and limited range of motion of the spine (*see, e.g.,* R. 258, 260-62, 265, 267, 337, 340, and 344-45),

---

[2] In his objections, the Commissioner argues that the record lacked evidence of nerve root compression due to a lack of diagnostic imaging.  Def. Obj. 8.  Specifically, the Commissioner argues that the "cervical MRIs did not demonstrate nerve root compression" and that electrodiagnostic procedures alone are insufficient.  Def. Obj. 7-8.  This argument, however, was not made in the Commissioner's Cross-Motion before Magistrate Judge Aaron; rather, it appears for the first time in the Commissioner's objection before this Court.  Because this argument could have been raised before Magistrate Judge Aaron and was not, the Court does not consider it.  *See Ahmed v. Decker*, No. 17 Civ. 0478 (AJN), 2017 WL 6049387, at *5 (S.D.N.Y. Dec. 4, 2017) ("In this district and circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.").

8

motor loss and muscle weakness (*see, e.g.,* R . 256, 258, 262-63, 267, 270, 319-20, 334, 336, 338-40, and 344-45), and reflex loss and positive straight less raising (*see, e.g.,* R. 262, 265, 267, and 344-45).

Having reviewed the administrative record and relevant evidence, the Court concludes that Plaintiff carries her burden of providing evidence to support a colorable finding of disability under Listing 1.04. Because there is evidence supporting a colorable finding that Plaintiff met the criteria set forth in Listing 1.04, "the ALJ must provide an explanation of [the ALJ's] reasoning as to why [the ALJ] believes the requirements are not met and explain the credibility determinations and inferences [the ALJ] drew in reaching that conclusion." *See Ryan v. Astrue*, 5 F. Supp. 3d 493, 509 (S.D.N.Y. 2014) (citing *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982). An ALJ's unexplained conclusion at step three of the analysis may be upheld if other portions of the decision and other "clearly credible evidence" demonstrates that the conclusion is supported by substantial evidence. *Berry*, 675 F.2d at 469; *see also Salimini v. Comm'r of Soc. Sec.*, 371 F. App'x 109, 112-13 (2d Cir 2010) (summary order). The Commissioner argues that the ALJ determination was adequately supported because it referenced specific findings and properly weighed evidence. Def. Obj at 6-9.

Here, the Court finds that the ALJ's decision was insufficient given the colorable evidence to support a contrary determination. *See Ortiz v. Saul*, No. 19-CV-02316 (KAM), 2020 WL 7699304, at *9 (E.D.N.Y. Dec. 28, 2020) ("Because there is evidence supporting a colorable finding that plaintiff met the criteria set forth in Listing 1.04(A), the ALJ must provide an explanation of his reasoning as to why he believes the requirements are not met and explain the credibility determinations and inferences he drew in reaching that conclusion."). For example, the Commissioner argues that the ALJ's decision is supported by the absence of other necessary

9

elements to meet the Listing, such as reflex or sensory loss and motor loss for a continuous twelve-month period. Def. Obj. at 8. However, as Plaintiff correctly points out in her response, the ALJ never discussed that rationale in the decision. R. 18 (decision states that claimant is not impaired "because the record . . . . does not demonstrate" criteria set forth in Listing 1.04); Pl. Resp. at 4-5; *Woods v. Saul*, 2021 WL 848722, at *15 (S.D.N.Y. Mar. 5, 2021) (case remanded for ALJ to provide "a clearer explanation" for determination that plaintiff did not meet Listing 1.04). Accordingly, as Magistrate Judge Aaron determined, remand is proper so that the ALJ may provide further analysis and explanation. Report at 24 ("Even if the ALJ ultimately would have decided that the Plaintiff's impairments did not meet or equal Listing 1.04's criteria, Plaintiff should be provided with reasons why these criteria have not been met."). The Court therefore adopts Magistrate Judge Aaron's report insofar as it determined remand at step three was appropriate.

## CONCLUSION

The Court, having reviewed the thorough report of Magistrate Judge Aaron, and having conducted *de novo* review of the portions to which the Commissioner objected, agrees with Magistrate Judge Aaron's recommendation except with respect to the portion recommending remand on the grounds of the subsequent favorable decision. It is therefore ORDERED that the Court ADOPTS the Report in part, and remands the case for further proceedings before the Social Security Administration. The Clerk of the Court respectfully is requested to terminate the motions at ECF Nos. 13 and 19.

**SO ORDERED.**

**Date: March 21, 2022**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**